**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

ALBERT B. CHEN
SPECIAL COUNSEL
PHONE 212-715-9412
FAX 212-715-8000
ACHEN@KRAMERLEVIN.COM

October 26, 2010

BY ECF
The Honorable Magistrate Judge Patty Schwartz
United States District Court
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      Re:   *Nycomed US Inc. and Jagotec AG v. Tolmar, Inc*.
             Civil Action No. 2:10-cv-02635-KSH-PS

Dear Judge Shwartz:

      Pursuant to the Scheduling Order in this action (D.I. 42), the parties make this joint submission of a Proposed Discovery Confidentiality Order.

      The parties seek the Court's assistance in resolving a single remaining dispute over a provision in the parties' Proposed Discovery Confidentiality Order. Following conferences held on October 4, 25 and 26, 2010, the parties have substantially agreed to the terms of the attached Proposed Discovery Confidentiality Order, with the exception of a single provision in Paragraph 5, on page 8, concerning the disclosure of "Highly Confidential" information to in-house counsel. The parties' proposals for this provision, to be inserted where indicated in the attached Proposed Discovery Confidentiality Order, are set forth as follows:

Plaintiffs' Proposal:

> provided that such in-house counsel and its secretarial and clerical employees (just as any other Receiving Party pursuant to paragraph 2 above) do not use any such Discovery Material of another party in (i) patent prosecution and strategies thereto; (ii) proceedings before any patent office, or like agencies; (iii) FDA communications or submissions; or (iv) preparing any Citizen's Petition.

Defendant's Proposal:

> provided that the above-named in-house attorneys and their secretarial/clerical employees: (i) are not involved in the preparation or prosecution of patent applications related to the patents in this litigation and/or patent applications or patents (not including reexaminations)

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

October 26, 2010
Page 2

      concerning compositions, treatment methods, or formulations related to diclofenac or non-steroidal anti-inflammatory drugs used in combination with hyaluronic acid and/or salts thereof, and (ii) agree not to be involved in the preparation or prosecution of patent applications related to the patents in this litigation and/or patent applications or patents (not including reexaminations) concerning compositions, treatment methods, or formulations related to diclofenac or non-steroidal anti-inflammatory drugs used in combination with hyaluronic acid and/or salts thereof for one (1) year after the non-appealable termination of this Proceeding.

      Of course, the parties have agreed to make themselves available to discuss these provisions at the Court's convenience, if the Court so desires. Once the form of order has been settled, the parties will submit a declaration in support, in accordance with the requirements of Local Civil Rule 5.3. All parties have reviewed and agreed to this submission.

      Respectfully submitted,

      /s/ Albert B. Chen
      Albert B. Chen, Esq.

Cc:   Eric I. Abraham, Esq. (via ECF)
      Leda Wettre, Esq. (via ECF)
      A. Neal Seth, Esq. (via ECF)
      Brent A. Hawkins, Esq. (via ECF)

KL3 2800763.1