| | |
|---|---|
| Leda Dunn Wettre, Esq. | Ryan P. Farley, Esq. |
| Michael J. Gesualdo, Esq. | BAKER & HOSTETLER LLP |
| ROBINSON, WETTRE & MILLER LLC | 45 Rockefeller Plaza |
| One Newark Center | New York, NY 10111 |
| 19th Floor | (212) 589-4200 |
| Newark, New Jersey 07102 | |
| (973) 690-5400 | A. Neal Seth, Esq. |
| *Attorneys for Plaintiffs* | BAKER & HOSTETLER LLP |
| | 1050 Connecticut Ave., N.W. |
| Donald L. Rhoads, Esq. | Washington, DC 20036 |
| Albert B. Chen, Esq. | (202) 861-1500 |
| Benu Mehra, Esq. | |
| Matthew F. Abbott, Esq. | *Attorneys for Plaintiff Jagotec AG* |
| Geoffrey G. Hu, Esq. | |
| KRAMER LEVIN NAFTALIS | |
|     & FRANKEL LLP | |
| 1177 Avenue of the Americas | |
| New York, New York 10036 | |
| (212) 715-9100 | |
| *Attorneys for Plaintiff Nycomed US Inc.* | |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NYCOMED US INC. and JAGOTEC AG,<br><br>Plaintiffs,<br><br>vs<br><br>TOLMAR, INC.,<br><br>Defendant. | 2:10-cv-02635 (KSH) (PS)<br><br>**DECLARATION OF LEDA DUNN WETTRE IN SUPPORT OF ENTRY OF DISCOVERY CONFIDENTIALITY ORDER** |

I, Leda Dunn Wettre, Esq., declare as follows:

1. This firm, together with the counsel listed above, represent plaintiffs Nycomed U.S. Inc. ("Nycomed") and Jagotec AG ("Jagotec") in the above matter. We submit this declaration to demonstrate that good cause exists for the entry of a Discovery Confidentiality Order in this action pursuant to Fed. R. Civ. P. 26(c) and Local Civil Rule 5.3(b)(2).

2. This is an action for declaratory judgment and patent infringement in connection with United States Patent Nos. 5,639,738 (the "'738 Patent"), 5,792,753 (the "'753 Patent"), 5,852,002 (the "'002 Patent"), 5,914,322 (the "'322 Patent"), 5,929,048 (the "'048 Patent"), and

5,985,850 (the "'850 Patent") (collectively "the Patents-in-Suit"), which are owned by Jagotec and licensed exclusively to Nycomed.

   3. We submit there is good cause for entry of the accompanying, proposed Discovery Confidentiality Order, to govern the disclosure of proprietary, commercial, private, trade secret and/or other confidential information and documents in this action.

   4. This is a patent infringement action between competitors concerning the plaintiffs' intellectual property, proprietary trade secrets and know-how and products. The dispute is a private, commercial matter between private parties. Plaintiffs anticipate that the nature of the case will require production of documents and information and elicitation of deposition testimony that contain proprietary, commercial, private, trade secret and/or other confidential information including, but not limited to, formulations, know-how, products, product concepts (including product characteristics and materials), manufacturing techniques or processing information, research and development information, testing, customers, prospects, marketing strategies, sales and cost information, pricing information, business plans, pricing strategies, financial information, non-public patent applications, and information that has been treated as confidential and not subject to public disclosure (collectively hereinafter "Confidential Information").

   5. I understand that plaintiffs would suffer serious injury if Confidential Information were to be disclosed to competitors or the public at large. Such injury includes, but is not limited to, the disclosure of proprietary formulation information, financial damage, and damage to business relationships.

   6. The Discovery Confidentiality Order provides reasonable restrictions on the disclosure of Confidential Information. In addition, the Discovery Confidentiality Order provides that any pleading, paper or other document filed in this action that contains or discloses Confidential Information shall be filed in conformity with Local Rule 5.3(c).

7. Protective Orders akin to the Discovery Confidentiality Order have been approved by the United States Court of Appeals for the Third Circuit. *See Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 787 (3d Cir. 1994); *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108, 1122 (3d Cir. 1986), *cert denied*, 484 U.S. 976 (1987).

8. Counsel for plaintiffs believe that the Discovery Confidentiality Order promotes the free exchange of documents and information, greatly diminishes involvement of the Court in discovery proceedings, and moves the case along more rapidly and at less cost.

I declare under penalty of perjury that the foregoing is true and correct.

ROBINSON, WETTRE & MILLER LLC

By: s/ *Leda Dunn Wettre*
    Leda Dunn Wettre

Dated:   November 8, 2010